UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT COE, | No. 2:22-cv-0422 DJC CKD P |
| Petitioner, | |
| v. | ORDER AND |
| A.L. MARTINEZ, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Following a Yolo County jury trial, petitioner was found guilty of aggravated mayhem, arson, and making criminal threats. On July 19, 2019, petitioner was sentenced to eight-years-to-life imprisonment. ECF No. 13-2. Here, petitioner presents two claims. For the reasons which follow, the court will recommend that petitioner's petition for a writ of habeas corpus be denied.

I. Background

On direct appeal, the California Court of Appeal summarized the evidence presented at trial and other relevant facts as follows:

> Defendant was living in his godfather's "mother-in-law's quarters" behind the main house. The victim was occasionally invited to the home by another resident but would also show up uninvited. Defendant's godfather didn't want the victim on the property and repeatedly said he was not allowed there. Defendant too, on multiple

1

occasions, told the victim to leave the house over the course of six or eight months, but the victim always came back.

At the time of the incident, defendant had been dating his girlfriend for two or three months and she sometimes stayed with him in the house. At some point, the victim became romantically involved with defendant's girlfriend. The victim believed defendant was jealous of their relationship; defendant testified he was not.

A week or two before the incident, the victim came to the house and asked to be let inside. Defendant sprayed him in the face with wasp spray and threatened to use the spray as a flamethrower.

The day of the incident, the victim was at the residence with defendant's girlfriend. Defendant confronted the victim and told him to leave. The victim refused, insisting another resident had allowed him to be there. Defendant then escorted him off the property. But the victim soon returned, angering defendant. The victim made his way to one of the bedrooms in the house and sat on a couch with defendant's girlfriend.

Defendant went outside and poured gasoline into a cup. He returned with a lighter in his hand and splashed the victim in the face and the front of his body with the gasoline. Defendant said, "'What do you think now motherfucker? I told you you're not suppose[d] to be here.'" He immediately began sparking the lighter close to the victim. Defendant told the victim he was going to set him on fire.

The victim got up and tried to leave, making it as far as the hallway. But defendant stood between him and the front door. Defendant's girlfriend was between the two men as defendant continued to reach around her and spark the lighter toward the victim. The victim testified he was fearful for his life and thought defendant was going to set him on fire, so he reached around defendant's girlfriend to punch defendant in the face.

As the victim ran toward the front door, he became engulfed in flames. The girlfriend cursed defendant and screamed at him to put out the flames. She covered the victim with a blanket in an effort to put out the flames and defendant helped. The victim eventually went to the front yard where he sat in front of a hose and let the water run over his body.

The victim suffered third degree burns on about 20 percent of his body. He was hospitalized for over two weeks and underwent multiple skin graft surgeries. He was left with burn scars on his extremities, chest, and chin, as well as permanent nerve damage.

At trial, a recording of defendant's jail visit with his sister was played for the jury. In it, he told his sister the victim was "mess[ing] around too much with my girl," and was "taking my girlfriend and I wasn't gonna fucking have that." When his sister said, "No girl is worth fighting over like that," defendant said, "I wasn't gonna lose her, I still love her." He also said "I was gonna make sure if she was gonna leave[,] she was gonna leave with somebody ugly." He also told his

> sister the victim "took two swings" at him, and he set him on fire in self-defense.
>
> At trial, defendant testified he "threw the gas on [the victim] because he kept coming in there risking my place and my place to live. He was coming risking everything, my house, my job, my money, myself, my girl." Defendant later testified he set the victim on fire in self-defense "to save [himself] from being beaten." He maintained he did not intend to kill, but feared the victim was armed with a gun or bolt cutters. He did not mention these weapons in the conversation with his sister at the jail.
>
> When asked on cross-examination whether he knew lighting the victim on fire could have killed him, defendant responded that he knew it could "kill both of us."

ECF No. 13-2 at 1-3.

II. <u>Standards of Review Applicable to Habeas Corpus Claims</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ of habeas corpus is not available for alleged error in the interpretation or application of state law. See <u>Wilson v. Corcoran</u>, 562 U.S. 1, 5 (2010); <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991); <u>Park v. California</u>, 202 F.2d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following limitation on the granting of federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different, as the Supreme Court has explained:

/////

3

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011). Even if a state court's decision is unaccompanied by an explanation, 28 U.S.C. § 2254(d) still applies and "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." Harrington, 562 U.S. at 98.

III.   Claims and Analysis

    A.   Instruction Regarding Consideration of Lesser Included Offenses

In his first claim, petitioner asserts the trial court violated his right to due process arising under the Fourteenth Amendment in instructing the jury that before it could consider lesser included offenses of mayhem, simple battery, or simple assault, the jury must first unanimously find defendant not guilty of the greater offense of aggravated mayhem.

The California Court of Appeal found a violation of California's "acquittal first" rule. ECF No. 13-12 at 4. Under California law, a jury must acquit a defendant of a greater offense

4

before returning a verdict on a lesser included offense. However, the jury may consider and deliberate on greater and lesser included offenses in any order. See People v. Kurtzman, 46 Cal.3d 322, 330-331 (Cal. 1988). Such instructional error is subject to California's harmless-error analysis under People v. Watson, 46 Cal.2d 818, 836 (Cal.1956) and the Court of Appeal found the instructional error harmless. ECF No. 13-12 at 4-5. Any aspect of petitioner's claim arising under the Due Process Clause of the Fourteenth Amendment was summarily denied by both the Court of Appeal and the California Supreme Court. ECF No. 13-12 & 13.

After reviewing Supreme Court precedent, the court finds that the California courts' denial of petitioner's due process claim is not contrary to, nor does it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States as the Supreme Court has never adopted an "acquittal first" rule similar to California's. Also, nothing suggests that denial of petitioner's claim was based upon an unreasonable determination of the facts.

For these reasons, petitioner's first claim must be denied.

B. Great Bodily Injury Sentence Enhancement

In claim 2, petitioner asserts his right to due process arising under the Fourteenth Amendment was violated with a great bodily injury sentence enhancement attached to his criminal threats conviction as the enhancement is either unauthorized under California law, or not supported by "substantial evidence."

Petitioner was sentenced to six years imprisonment for criminal threats with the great bodily injury enhancement, but the sentence was stayed pursuant to California Penal Code § 654 (ECF No. 13-12 at 3) which essentially forbids multiple forms of punishment for the same act.

As noted by respondent, a writ of habeas corpus can only be granted with respect to a particular judgment if the petitioner is in custody pursuant to that judgment. Lackawanna County D.A. v. Coss, 532 U.S. 394, 401-02 (2001). That is not the case here. Were the court to find that the stayed sentence entered upon the conviction for criminal threats somehow violates federal

/////

/////

law, the execution of petitioner's sentence would not change. This being the case, habeas relief cannot be granted as to claim 2.[1]

In any case, whether the enhancement was "authorized" is based upon an interpretation of California law. Because a writ of habeas corpus can only issue upon a violation of federal law, 28 U.S.C. 2254(a), petitioner is not entitled to habeas relief on this aspect of claim 2.

As to whether the enhancement was supported by "substantial evidence," the applicable federal standard comes from the Supreme Court's decision in Jackson v. Virginia, 443 U.S. 307, 99 (1979). In Jackson, the high court held that in order to prevail on a sufficiency of the evidence claim, a habeas petitioner must show that no rational juror could have found an essential element true beyond a reasonable doubt." Id. at 319.

The California Court of Appeal, the only court that issued a reasoned decision as to petitioner's sufficiency of evidence claim, addressed the claim as follows:

> Defendant alternatively contends the great bodily injury enhancement attached to the criminal threat charge is unsupported by substantial evidence because the victim's injury occurred after the threat was completed and thus did not occur in the commission of the offense. Again, we disagree.
>
> Substantial evidence exists for the same reason discussed above: Defendant's physical conduct — culminating in his lighting the victim on fire — took place during the period the victim's fear was being sustained and that conduct facilitated the sustaining of that fear and effectuated the immediate prospect of execution of the threat.
>
> Thus, there was substantial evidence the injuries were inflicted in the commission of the offense. Therefore, the jury's verdict was supported by substantial evidence. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357 [a finding of "insufficient evidence 'is unwarranted unless it appears "that upon no hypothesis whatever is there sufficient substantial evidence to support"' the jury's verdict"].)

---

[1] A different result was reached in McCulloch v. Horel, No. CV 06-7392-SJO (JTL), 2008 WL 755919, Slip op. at *24 n.5 (C.D. Cal., Jan. 31, 2008) in which the court cited Peyton v. Rowe, 391 U.S. 54, 67 (1968) for support noting that, in that case, the Supreme Court held that a prisoner serving consecutive sentences is "in custody" under any one of them for purposes of 28 U.S.C. § 2254 and may file a habeas petition challenging the sentence he has not yet begun to serve. However, challenging a consecutive sentence which a petitioner has not yet begun to serve is not the same as challenging a sentence which will not be served at all without further unanticipated court action, such as reversal of a different conviction or sentence, as is the case here. Accordingly, the court does not find Peyton instructive with respect to the facts of this case.

Defendant's contention fails.

The court finds that the Court of Appeal's decision that the great bodily injury enhancement is supported by sufficient evidence is not contrary or an unreasonable application of the Supreme Court's decision in <u>Jackson</u> or any other precedent.  Furthermore, nothing suggests the decision is based upon an unreasonable determination of the facts.

For these reasons, petitioner's second claim must be rejected.

IV. <u>Conclusion</u>

For all of the foregoing reasons, the court will recommend that petitioner's petition for a writ of habeas corpus be denied, and this case be closed.  The court notes that petitioner has requested an evidentiary hearing.  In light of the foregoing and because petitioner does not show that an evidentiary hearing has even a possibility of changing the outcome of this case, his request for an evidentiary hearing is denied.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for an evidentiary hearing (ECF No. 17) is denied.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for a writ of habeas corpus be denied; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the

/////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 5, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/coe0422.157